**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DELVILLE BENNETT,**

                **Plaintiff,**                **9:09-cv-515
                                                           (GLS/DEP)**

                **v.**

**TED NESMITH,** Physicians Assistant; **LESTER
WRIGHT, M.D.,** Deputy Commissioner and
Chief Medical Officer; and **TIMOTHY WHALEN,
M.D.,** Medical Provider,

                **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Delville Bennett
Pro Se
98-A-1110
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, NY 12788

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN    MICHAEL G. MCCARTIN
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Pro se plaintiff Delville Bennett, an inmate at Woodbourne Correctional Facility, brings this action under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs by three medical employees of the New York State Department of Correctional Services in violation of his Eighth Amendment rights.  (*See* Compl., Dkt. No. 1.)  In April 2010, defendants filed a motion for summary judgment.  (Dkt. No. 31.)  In a Report-Recommendation (R&R) filed February 28, 2011, Magistrate Judge David E. Peebles recommended that defendants' motion be granted, and that Bennett's claims be dismissed.[1]  (Dkt. No. 48.)  Pending are Bennett's objections to the R&R.  (Dkt. No. 49.)  For the reasons that follow, the R&R is adopted in its entirety.

### **II. Standard of Review**

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.  If a party has objected to specific elements of the magistrate judge's

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

### III.  Discussion

On June 19, 2007, while a prison inmate at Great Meadow Correctional Facility in Comstock, New York, Bennett tripped and fell down a set of stairs.  (*See* Compl. ¶ 7, Dkt. No. 1.)  Following his accident, Bennett sought treatment at the facility hospital, and was seen by defendant Nesmith, a physicians assistant at Great Meadow.  (*See id.* at ¶ 8.)  Bennett complained of pain in his right knee, and an x-ray ordered by Nesmith revealed no broken bones.  (*See* Nesmith Decl. ¶ 4, Dkt. No. 31:5.)  Consequently, Nesmith provided Bennett with Tylenol PM and recommended that Bennett rest his leg.  (*See id.*)  Bennett later complained of further pain, and alleged that Nesmith had been deliberately indifferent to his medical needs.  (*See* Compl. ¶ 8, Dkt. No. 1.)

Bennett has objected generally to Judge Peebles's R&R and has not

3

specifically objected to any particular finding or recommendation.  (*See* Objections, Dkt. No. 49.)  Because Bennett has objected to Judge Peebles's findings and recommendations as a whole and has not raised any new objections, the court has reviewed those findings and recommendations for clear error and finds none.  For the following reasons, the R&R is adopted in its entirety and Bennett's complaint is dismissed.

## A. Procedural Defects

Judge Peebles recommended that summary judgment be entered for defendants and Bennett's complaint be dismissed due to Bennett's failure to exhaust the administrative remedies available to him before initiating his lawsuit.  (*See* R&R at 8, Dkt. No. 48.)  The Prison Litigation Reform Act of 1996 requires prisoners to exhaust all available administrative remedies prior to commencing a federal civil rights action under § 1983.  42 U.S.C. § 1997e(a).[2]  Failure to exhaust available administrative remedies subjects an inmate plaintiff's complaint to dismissal.  *See Pettus v. McCoy*, No. 04-CV-0471, 2006 WL 2639369, at *1 (N.D.N.Y. Sept. 13, 2006).  The Second

---

[2]This subsection states: "No action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Circuit has established a three-part test to determine whether a complaint filed before available remedies have been exhausted should ultimately be dismissed. *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004). First, there must have been administrative remedies available to the plaintiff at the relevant times. *See id.* Second, if a remedy was available, the defendant must not have forfeited the defense of non-exhaustion by failing to properly raise or preserve it. *See id.* Alternatively, the defendant must not have done something to prevent the plaintiff from exhausting his available remedies. *See id.* In such an instance, the defendant would be estopped from asserting failure to exhaust as a defense. *See id.* The final prong of the test is whether the plaintiff has alleged any special circumstances that justify his failure to pursue and comply with administrative remedies. *See id.*

As Judge Peebles notes, it is clear that administrative remedies were available to Bennett and that defendants preserved the defense of failure to exhaust by raising it in their answer. (*See* R&R at 15, Dkt. No. 48; *see also* Defs. Answer at 2, ¶ 9, Dkt. No. 18.) The court further agrees with Judge Peebles's conclusions that Bennett has not produced sufficient evidence to show that defendants' conduct should bar them from asserting this

5

defense, and that no special circumstances exist justifying Bennett's failure to exhaust available administrative remedies prior to filing a lawsuit. (*See* R&R at 15-18, Dkt. No. 48.) For these reasons, Bennett's complaint is dismissed on procedural grounds.

## B. Eighth Amendment Claim

Even if Bennett had complied with all procedural requirements of exhaustion, his complaint would fail on its merits. Under the Eighth Amendment, prison officials must "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). Eighth Amendment cruel and unusual punishment claims against prison officials, including claims of medical indifference, require the plaintiff to satisfy both objective and subjective elements. *See Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009); *Salahuddin v. Goord*, 467 F.3d 263, 279-81 (2d Cir. 2006). Under the objective prong, the plaintiff's medical condition and the alleged deprivation of treatment must be sufficiently serious to establish a constitutional violation. *See Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003). Minor injuries or conditions are not enough to

invoke the Eighth Amendment.  *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  Rather, the plaintiff's condition must be one "of urgency, one that may produce death, degeneration, or extreme pain." *Id.* (internal quotation marks and citation omitted).

Bennett's complaint plainly fails to allege any injury or condition he had at the relevant time which would be sufficiently serious to constitute an Eighth Amendment violation.  Bennett's ambulatory health record (AHR) demonstrates that his injuries were minimal[3] and therefore insufficiently serious to implicate the Eighth Amendment.  (*See* Defs. Ex. B, Dkt. No. 31:4.)

The second prong of an Eighth Amendment medical indifference claim is a subjective one.  To satisfy this requirement, the plaintiff must show that the defendants were deliberately indifferent, meaning the defendants "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.  Here, the record shows that Bennett was promptly provided with objectively adequate treatment following his accident.  The AHR indicates that following his complaints of knee and

---

[3]The AHR indicates that Bennett complained of pain in his right knee and ankle, but no swelling or bruising was found.  (*See* Defs. Ex. B, Dkt. No. 31:4.)

7

ankle pain, Bennett was given Tylenol PM and Ibuprofen, and allowed time to rest.  (*See* Defs. Ex. B, Dkt. No. 31:4.)  Therefore, there is no evidence that defendants exhibited the requisite culpable state of mind to be found deliberately indifferent to Bennett's health.  Upon clear error review of Judge Peebles's recommendation, the court finds none and dismisses Bennett's deliberate indifference claims against the defendants.

## C.     Retaliation Claim

As to Bennett's retaliation claim, Judge Peebles recommended dismissal of this claim for failure to provide more than conclusory assertions that a connection existed between Bennett's filing of a grievance and the alleged failure to provide him with adequate medical care.  (*See* R&R at 29-30, Dkt. No. 48.)  In order to maintain a retaliation claim, the plaintiff must provide more than mere speculation regarding the connection between the filing of a grievance and the purported failure to provide adequate medical care.  *See Shaheen v. McIntyre*, No. 9:05-CV-0173, 2007 WL 3274835, at *13 (N.D.N.Y. Nov. 5, 2007).  Because Bennett fails to provide any evidence that defendant Nesmith, who was responsible for Bennett's medical care, even knew about the grievance, his retaliation claim is dismissed.

8

As to defendant Whalen, Bennett's complaint fails to demonstrate sufficient personal involvement by Whalen to establish liability for damages under § 1983.  In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show some "tangible connection between the acts of a defendant and the injuries suffered."  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  Bennett has only made conclusory allegations that Whalen failed to provide adequate medical treatment, even though Whalen was not Bennett's attending physician at the relevant time.  (*See* Compl. ¶ 13-15, Dkt. No. 1.)  This alone is an insufficient basis for personal liability under § 1983.  *See Bass*, 790 F.2d at 263; *see also Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009).  Therefore, Bennett's claims against Whalen are dismissed.

### D.      Leave to Amend

Finally, Bennett seeks leave to amend his complaint.  (*See* Dkt. No. 37.)  Despite his pro se status, and the deference afforded to him because of this, the court agrees with Judge Peebles's recommendation that Bennett be denied leave to amend.  (*See* R&R at 38, Dkt. No. 48.)  The court finds no clear error in Judge Peebles's conclusion that allowing Bennett to amend his complaint would be futile, in that none of the

9

evidence on record indicates that Bennett can make out a valid section 1983 claim against these defendants. (*See id.*) As such, Bennett is denied leave to amend his complaint.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles's Report-Recommendation (Dkt. No. 48) is **ADOPTED**, and defendants' motion (Dkt. No. 31) is **GRANTED**; and it is further

**ORDERED** that all of Bennett's claims against defendants Nesmith, Wright, and Whalen are **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 21, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge